**UNITED STATES of America,**
**Plaintiff—Appellee**

**v.**

**Manuel VANEGAS–SOTO, Defendant—**
**Appellant.**

**No. 05–51511**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

---

Donna F. Coltharp, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

Manuel Vanegas–Soto (Vanegas) appeals the sentence imposed following his guilty-plea conviction of illegal reentry after deportation, in violation of 8 U.S.C. § 1326.

Vanegas contends that his sentence is unreasonable because the district court failed to properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to meet § 3553(a)'s objectives. Vanegas also argues, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that his imprisonment term exceeds the statutory maximum sentence allowed for the § 1326 offense charged in his indictment.

The record reflects that the district court considered factors set forth in § 3553(a) when it determined that a 77–month term of imprisonment was a fair and reasonable sentence in Vanegas's case. *See United States v. Mares*, 402 F.3d 511, 518–19 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). Vanegas's sentence fell at the lowest end of his properly calculated advisory guideline range and is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554–55 (5th Cir.2006). Vanegas has failed to rebut that presumption. *See id.*

Vanegas's challenge to the constitutionality of § 1326(b)'s treatment of prior felony and aggravated-felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Vanegas contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Vanegas properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.